**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| ROSENTHAL & ROSENTHAL OF CALIFORNIA, INC., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> HILCO TRADING, LLC, DBA Hilco Global; ERIC W. KAUP, an Individual, <br><br> Defendants-Appellees. | No. 21-55070 <br><br> D.C. No. 2:19-cv-10315-SVW-MAA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted December 7, 2021
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and
BENCIVENGO,[**] District Judge.

Rosenthal & Rosenthal of California, Inc. (Rosenthal) appeals the district

court's grant of summary judgment in favor of Hilco Trading, LLC (Hilco) and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

Eric W. Kaup (Kaup).  Rosenthal maintains that it raised a material factual dispute regarding its two claims:  (1) Hilco and Kaup's tortious interference with a factoring agreement between Rosenthal and Halston Operating Company (Halston); and (2) Hilco's unjust enrichment.  We have jurisdiction under 28 U.S.C. § 1291 and we AFFIRM the judgment of the district court.

"We review a grant of summary judgment de novo.  Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. . . ."  *Southwest Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 959 (9th Cir. 2021) (citation omitted).

Under California law, "[i]nterference with contract occurs when the defendant knows about a contract between the plaintiff and a third party, and *intentionally* disrupts the contractual relationship."  *Hooked Media Grp., Inc. v. Apple Inc.*, 55 Cal. App. 5th 323, 334-35 (2020) (citation omitted) (emphasis added).  The record in this case reflected that Rosenthal received daily updates on Halston's "collection figures" and chargebacks from retailers.  Although Rosenthal maintains that Hilco and Kaup tortiously interfered with the factoring agreement when they approved a guaranteed margin agreement with one of Halston's

2

retailers, Rosenthal's representatives testified that they received a copy of the guaranteed margin agreement, and that guaranteed margins were permitted under the factoring agreement. Further, Hilco's internal communications do not demonstrate an intent to tortiously interfere with the factoring agreement, as opposed to an intent to improve Halston's financial condition. As a result, summary judgment was warranted on Rosenthal's tortious interference claim because Rosenthal failed to raise a material factual dispute that Hilco and Kaup "intentionally disrupt[ed]" Rosenthal's factoring agreement with Halston. *Id.* at 335 (citation omitted).[1]

The district court also properly granted summary judgment in favor of Hilco on Rosenthal's unjust enrichment claim. To succeed on a challenge to the denial of restitution based on the "principles of unjust enrichment," the plaintiff must be "entitled to restitution of the amount at issue." *Welborne v. Ryman-Carroll Found.*, 22 Cal. App. 5th 719, 725 (2018) (citation omitted). Rosenthal's failure to raise a material issue of fact on its tortious interference claim also supports the entry of summary judgment on the challenge to the district court's application of

---

[1]  Alternatively, Hilco and Kaup assert that summary judgment was warranted on Rosenthal's tortious interference claim because Rosenthal failed to demonstrate causation and because the claim was barred by the statute of limitations. However, we need not and do not address these alternative bases for granting summary judgment in favor of Hilco and Kaup.

the "principles of unjust enrichment." *Id.* (explaining that "[t]he person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is *unjust* for the person to retain it") (emphasis in the original); *see also Hooked Media Grp.*, 55 Cal. App. 5th at 336.

**AFFIRMED.**